| | |
|---|---|
| 1 | **KAZEROUNI LAW GROUP, APC** |
| 2 | Yana A. Hart (SBN: 306499) |
|   | yana@kazlg.com |
| 3 | 2221 Camino Del Rio South, Suite 101 |
|   | San Diego, California 92108 |
| 4 | Telephone:  (619) 233-7770 |
|   | Facsimile:   (800) 520-5523 |
| 5 | Attorney for Plaintiff |
| 6 | ANTHONY SIMPSON |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY SIMPSON, | Case No. **'20CV2241 W    BGS** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | 1. **THE FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ; AND** |
| JEFFERSON CAPITAL SYSTEMS, LLC, | 2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788 ET SEQ.** |
| Defendant. | |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act ("FDCPA") to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has similarly found that the banking, credit system, and grantors of credit to consumers are dependent upon the collection of just and owing debts. It has therefore also determined that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking, credit system, and to the sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtors' rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Anthony Simpson ("Plaintiff"), through his attorneys, brings this action to challenge the conduct of Jefferson Capital Systems, LLC ("JCS" or "Defendant") for violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and (2) California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal" or "Rosenthal Act"), Cal. Civ. Code §1788 et seq.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

COMPLAINT

5. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

6. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA, as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

12. This Court has personal jurisdiction because Defendant regularly collects debts in California on behalf of its creditor clients. Furthermore, as illustrated below, Defendant directed its unlawful collection practices at Plaintiff in San Diego, California.

13. Venue is proper in the United States Court for the Southern District of California pursuant to 15 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Moreover,

Defendant's conduct against Plaintiff occurred within the State of California.

## PARTIES AND DEFINITIONS

14. Plaintiff is a natural person who resides in the City of San Diego, State of California, from whom a debt collector sought to collect an alleged consumer debt, which was alleged to be due and owing from Plaintiff. Additionally, Plaintiff is a "debtor," as that term is defined by California Civil Code § 1788.2(h) and a "consumer," as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1692a(3).

15. Defendant is a limited liability company registered under the laws of the State of Georgia, which conducts business in California.

16. Defendant is a self-described "debt buyer and debt collector"[1] which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17. This matter involves a "consumer credit transaction," i.e., a transaction between Plaintiff and Defendant (or the original creditor), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), and 15 U.S.C. § 1692a(5).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

///

///

---

[1] https://www.myjcap.com/question/list. (Last accessed Nov. 5, 2020).

# FACTUAL ALLEGATIONS

19. Sometime before July 2020, Plaintiff allegedly incurred certain financial obligations to a creditor (the "Debt").

20. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5).

21. Sometime prior to July 2020, the Debt was assigned, placed, or otherwise transferred to Defendant for collection purposes.

22. Prior to July 2020 Defendant began to contact Plaintiff regarding the Debt.

23. Defendant contacted Plaintiff numerous times by e-mail, indicating that Defendant was a creditor of Plaintiff's.

24. Plaintiff was surprised at Defendant's conduct because he had never received any bill or notice of any specific alleged debt from Defendant.

25. Within the emails sent by Defendant, there existed a hyperlink with the label "view notice," through which Defendant represented that Plaintiff could access the online account related to the Debt if Plaintiff clicked on the link and entered his email address and social security number into the appropriate fields within Defendant's website.

26. Plaintiff clicked on the hyperlink within Defendant's email and entered his email address and social security number in the appropriate fields.

27. Plaintiff discovered he could not access his account with Defendant through the manner indicated by Defendant.

28. Frustrated, Plaintiff called Defendant's phone number indicated in the email in order to ask a representative of Defendant's how he could access his account.

29. A representative of Defendant's informed Plaintiff that he could access his account if he sent an e-mail to the address: resolution@jcap.com and referenced account number 3468XXXXXX.

30. On July 15, 2020, Plaintiff sent an email to resolution@jcap.com with the subject line Re: account number 3468XXXXXX, requesting "verification of the debt, including the age of the debt, an itemized statement of what was owed, the name and address of the original creditor, and evidence that I am legally responsible for the debt."

31. Plaintiff received no direct response to his request to validate the Debt from Defendant.

32. However, Defendant continued to hound Plaintiff regarding the Debt.

33. On July 25, 2020, Plaintiff received an incoming telephone call from the phone number (844) 890-9215.

34. Upon information and belief, the telephone number (844) 890-9215 belongs to Defendant.

35. Upon information and belief, the July 25, 2020 telephone call was placed by the Defendant in an attempt to collect upon the Debt.

36. Further, on July 29, 2020, Defendant sent Plaintiff a letter attempting to collect upon the alleged Debt owed by Plaintiff.

37. The July 29, 2020 letter sent by Defendant contained the amount of the alleged debt, the name of the original creditor, and a notice that if the Plaintiff disputed the debt was owed within 30 days, Defendant would obtain verification of the debt, or proof of a judgment against Plaintiff.

38. Plaintiff was confused and annoyed, as he had requested verification of the alleged debt on July 15, 2020 by sending an email dispute to Defendant.

39. Defendant continued to attempt to collect Plaintiff's alleged debt, despite not having verified Plaintiff's alleged debt.

40. On October 9, 2020, Plaintiff received a call from the telephone number (866) 677-2706.

41. Upon information and belief, the telephone number (866) 677-2706 belongs to Defendant.

42. Upon information and belief, the October 9, 2020 telephone call was placed by Defendant in order to collect upon the Debt.

43. To date, Defendant has not provided Plaintiff with proof that he is legally responsible for the amount allegedly owed.

44. A debt collector who fails to provide a consumer with notice of an alleged debt, pursuant to 15 U.S.C. § 1692g, violates the FDCPA.

45. More specifically, 15 U.S.C. § 1692g provides:

> *Within five days after the initial communication with a consumer in connection with the collection of any debt*, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. Defendant attempted to collect upon a debt allegedly owed by Plaintiff to Defendant for several months prior to sending a formal notice which complied with 15 U.S.C. § 1692g.

47. In fact, Defendant sent a notice compliant with 15 U.S.C. § 1692g only after Plaintiff requested verification of the Debt.

48. Moreover, Defendant still has not provided Plaintiff with verification that Plaintiff is legally responsible for the debt, as Plaintiff requested on July 15, 2020.

49. The least sophisticated consumer would certainly believe that Defendant would not stop its debt collection efforts until Plaintiff paid the alleged debt, which Plaintiff had no official validation that he owes the debt.

50. By not providing proof that Plaintiff owed the debt and by providing a late notice of the alleged debt, Defendant has violated 15 U.S.C. § 1692g.

### Cal. Civ. Code §§ 1788.17

51. As stated above, the Rosenthal incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violation the above provisions of the FDCPA, Defendant violated Cal. Civ. Code § 1788.17

52. By not providing Plaintiff proper notice Defendant has also violated Cal. Civ. Code § 1788 et seq.

### CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et al.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

54. The FDCPA prohibits debt collectors from collecting debt without providing proper notice to the consumer.  15 U.S.C. § 1692g.

55. By not providing Plaintiff with proper notice of the alleged debt, Defendant has violated 15 U.S.C. § 1692g.

56. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the

amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

## CAL. CIV. CODE §§ 1788-1788.32

58. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

59. The Rosenthal Act incorporates specific provisions of its federal counterpart, the FDCPA, through Cal. Civ. Code § 1788.17.

60. As alleged throughout this Complaint, Defendant did not provide Plaintiff with proper notice regarding the alleged debt, in violation of the FDCPA, incorporated by Cal. Civ. Code § 1788.17. Therefore, Defendant has also violated the Rosenthal Act.

61. As a result of Defendant's violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

## CAL. CIV. CODE §§ 1788 et seq.

- Actual damages pursuant to California Civil Code § 1788.30(a);
- Statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any and all further relief deemed just and proper.

## **TRIAL BY JURY**

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 17, 2020

KAZEROUNI LAW GROUP, APC

By  s/ Yana A. Hart
YANA A. HART
yana@kazlg.com

Attorney for Plaintiff
ANTHONY SIMPSON